IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TONY W. STRICKLAND, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. _____ |
| v. ) | |
| ) | JUDGE |
| RICHARD T. ALEXANDER, ) | |
| Clerk of Court of the State Court ) | |
| of Gwinnett County, Georgia; ) | |
| DISCOVER BANK; ) | |
| GREENE & COOPER, LLP; and ) | |
| JPMORGAN CHASE BANK, N.A.; ) | |
| ) | |
| Defendants. ) | |

<u>COMPLAINT</u>

INTRODUCTION

1. Tony W. Strickland, Plaintiff, brings this action against RICHARD T. ALEXANDER, Clerk of Court of the State Court of Gwinnett County, Georgia; DISCOVER BANK; GREENE & COOPER, LLP; and JPMORGAN CHASE BANK, N.A.; to challenge the constitutionality of Georgia's post-judgment garnishment statute, O.C.G.A. § 18-4-60 <u>et</u> <u>seq.</u>, seeking damages, declaratory and injunctive relief, attorney's fees and costs for injury caused by statute's provisions.

## JURISDICTION & VENUE

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343.

3. This Court may grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, and Federal Rule of Civil Procedure Rule 57.

4. Venue is appropriate in the Northern District of Georgia because one of the defendants resides within the judicial district, and a substantial part of the events giving rise to the claim occurred within the district. See 28 U.S.C. § 1391(b)(1)-(2).

## PARTIES

5. Plaintiff **TONY W. STRICKLAND** is a citizen of the United States and currently resides in Atlanta, Georgia.

6. Defendant **RICHARD T. ALEXANDER** is the Clerk of Court for the State Court of Gwinnett County, Georgia. The Clerk of Court has the duty to issue a summons upon the filing of a garnishment action, O.C.G.A. §§ 18-4-61, 112(a), a copy of which is served upon a judgment debtor to conform with the statute, O.C.G.A. §§ 18-4-64(c), 112(b), and is responsible for the administrative

conduct of the case thereafter, including filings, required notices and scheduling. Defendant Alexander is sued in his official capacity, and no monetary damages will be sought against him.

7.  Defendant **DISCOVER BANK** ("Discover") is a Delaware state-chartered bank with its principal place of business in Illinois. Discover is subject to the jurisdiction of this Court under Fed. R. Civ. P. 4(k)(1)(A) and O.C.G.A. § 9-10-91(1) & (3).  Discover may be served with process through its registered agent, Discover Bank, 100 West Market P.O. Box C, Greenwood, Delaware, 19950.

8.  Defendant **GREENE & COOPER, LLP,** ("G&C") is a Georgia law firm, organized primarily to engage in the collection of debts, with its principal office in Fulton County, Georgia. G&C may be served with process through its registered agent, Kyle A. Cooper, 615 Colonial Park Drive, Roswell, Georgia, 30075.

9.  Defendant **JPMORGAN CHASE BANK, N.A.,** ("Chase") is a federally chartered bank with its principal place of business in New York.  Chase is subject to the jurisdiction of this Court under Fed. R. Civ. P. 4(k)(1)(A) and O.C.G.A. § 9-10-91(1) & (3).  Chase may be served with process through its registered agent, CT Corporation System, 1201 Peachtree Street NE, Atlanta,

Georgia, 30361.

10. Because this action challenges the constitutionality of a Georgia statute, the Attorney General of the State of Georgia, **SAMUEL S. OLENS**, will be notified of its filing in accordance with F.R.C.P. 5.1 and O.C.G.A. § 9-4-7(c).

## FACTUAL BACKGROUND

11. Mr. Strickland had a long career installing gas appliances, such as water heaters and grills. After surviving nasal cavity cancer in 2004, however, Mr. Strickland had to cut down on the number of hours he worked, and as of 2005, could no longer afford many of the household's bills and expenses. As a result, he defaulted on his credit card with Discover.

12. In June 2009, Mr. Strickland hurt his back at work, leaving him permanently disabled. He began receiving Social Security Disability benefits in August 2011.

13. On account of his workplace injuries, Mr. Strickland also received a worker's compensation settlement of $30,000 in February 2011. Knowing that he would need those funds to replace his lost income and pay medical expenses, he opened an account with Defendant Chase for the sole purpose of saving those

funds.  Concerned that Ms. Strickland may need to access these funds if Mr. Strickland faced further health issues, she was listed as a joint account holder.

14.     On or around Fall 2009, Discover, represented by Defendant G&C, filed a lawsuit against Mr. Strickland for the defaulted credit card in the State Court of Fulton County.  On April 4, 2012, Discover obtained a default judgment against Mr. Strickland in the lawsuit for the principal amount of $13,849.93, plus attorney fees of $1,613.61, and court costs of $147.50.

15.     On July 6, 2012, Discover, again represented by G&C, filed a garnishment action against Mr. Strickland in the State Court of Gwinnett County, Georgia, seeking to garnish his savings account with Chase in the total amount of $18,302.65.

16.     Chase was personally served with the garnishment summons on July 11, 2012.

17.     The garnishment summons advises the garnishee to "hold all property, money and wages, except what is exempt… belonging to the defendant."  However, the summons contains no explanation of what property may be considered exempt under the law.

18. Mr. Strickland learned of the garnishment on July 16, 2012, when he received a certified letter from Defendant G&C (the "G&C Letter"), and a first-class letter from Chase (the "Chase Letter").

19. The G&C Letter contained a section labeled "Notice to Defendant," which explains only that "[p]ursuant to O.C.G.A. § 18-4-64(c) you are hereby notified that a garnishment has been, or will be filed against your property and credits and it will be served upon the Garnishee, Chase Bank." The G&C Letter then proceeds to provide the case caption and the amount sought. This letter does not inform Mr. Strickland that his property may be exempt from garnishment. See Exhibit "A."

20. The Chase Letter explains that a garnishment was filed, and that his account was frozen. This letter informs Mr. Strickland that some forms of property may be exempt from garnishment. If he thinks his funds may be protected, Chase "recommend[s] [that he] immediately contact the judgment creditor's attorney." See Exhibit "B."

21. Upon receipt of these letters, Mr. Strickland went to the nearest Chase branch to learn more about what had happened. At the branch, he learned that his entire account, which had a balance of approximately $14,000, had been frozen.

22. The garnishment action is still pending, and has not been dismissed by Discover or the Court.

23. Mr. Strickland's entire bank account is entitled to the exemption in O.C.G.A. § 34-9-84, which protects worker's compensation benefits from garnishment.

24. Mr. Strickland's bank account with Chase is still frozen, and he is unable to access his exempt funds.

25. Mr. Strickland contacted Defendant G&C, as suggested by the Chase Letter, but was unsuccessful in convincing them to dismiss the garnishment.

26. Because the garnishee has not filed an answer in the garnishment action, Mr. Strickland is unable to assert any direct claim for these exempt funds.

27. Mr. Strickland is still a judgment debtor to this creditor, in the full amount of $18,096.66.

28. This judgment is likely to remain unsatisfied for some time because Mr. Strickland and his wife currently subsist on a modest income, consisting only of Mr. Strickland's monthly check for Social Security Disability, in the amount of $1,300.

29. This account is likely to be the subject of a future garnishment because Ms. Strickland, the joint account holder, has judgments against her, as well as other debts that are likely to be reduced to judgment. Furthermore, Mr. Strickland has another bank account, which contains only his Social Security Disability income, which may be subject to garnishment by Discover. Neither Mr. Strickland nor his wife is likely to satisfy any of their debts in the near future.

## GEORGIA POSTJUDGMENT GARNISHMENT PROCEDURES

30. A postjudgment garnishment action in Georgia is initiated when a judgment creditor submits to the court an affidavit, setting forth the amount claimed, the name of the court rendering the original judgment, and the case number of the underlying action. O.C.G.A. § 18-4-61.

31. "Upon the filing of the affidavit with the clerk of any court having jurisdiction over the garnishee, the clerk shall cause a summons of garnishment to issue forthwith." O.C.G.A. § 18-4-61. The summons is then served upon the garnishee by "sheriff, marshal, constable, or like officer of the court." O.C.G.A. § 18-4-62(a).

32. A judgment creditor is also required to notify the debtor that a garnishment action has been filed, and may choose the notice method from seven

different options in the statute. O.C.G.A. § 18-4-64(a)(1)-(7). Among other options, the statute allows written notice sent via certified mail within three business days of service upon the garnishee. O.C.G.A. § 18-4-64(a)(2).

33. Under the statute, "written notice" to the judgment debtor…

> shall consist of a copy of the summons of garnishment or of a document which includes the names of the plaintiff and the defendant, the amount claimed in the affidavit of garnishment, a statement that a garnishment against the property and credits of the defendant has been or will be served on the garnishee, and the name of the court issuing the summons of garnishment.
> O.C.G.A. § 18-4-64(c).

34. Within 45 days of the service of the summons upon the garnishee, the garnishee must provide an answer "stating what money or other property is subject to garnishment… accompanied by the money or other property subject to garnishment" O.C.G.A. § 18-4-62(a). In most circumstances, the garnishee is not allowed to file an answer until at least 30 days have elapsed after service. Id. There is no statutory requirement for this answer, or any other subsequent filings, to be served upon the judgment debtor, see O.C.G.A. § 18-4-83.

35. Various statutory provisions exempt specific funds of the debtor from being subject to the garnishment process. For instance, under O.C.G.A. § 34-9-84,

worker's compensations funds are "exempt from all claims of creditors."

36.   The garnishment statute does not require the debtor to be notified that such exemptions exist, nor does it require the debtor to be notified how to claim such exemptions.

37.   The statutory process to claim an exemption is lengthy and convoluted.

   A.   Although the debtor may directly traverse the creditor's affidavit at any time, it can only do so if the affidavit itself is "untrue or legally insufficient." O.C.G.A. § 18-4-93.

   B.   Because an exemption claim challenges the garnishee's misapplication of or failure to invoke an exemption, and not existence or validity of an underlying judgment, a debtor claiming such an exemption must wait until the garnishee has filed an answer violative of the exemption. Such traverse is treated as a third-party traverse on the garnishee's answer, governed by O.C.G.A. § 18-4-85.

   C.   After the traverse has been filed, the Court is required to hold a hearing within ten days. O.C.G.A. § 18-4-93.

  D. Under these guidelines, it takes at least 30 days for a debtor to claim an exemption, and may take up to 55 days before a court has even ruled on the exemption. After the court's ruling, there is no time requirement for the exempt funds to be paid back to the debtor.

38. If no other traverse or claim for funds has been filed within 15 days after the garnishee's answer, the money paid into court is directed to the creditor, O.C.G.A. § 18-4-89, and the garnishee is automatically discharged from further liability, O.C.G.A. § 18-4-85.

COUNT ONE: 42 U.S.C. § 1983<br>DUE PROCESS CLAUSE

39. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully restated herein.

40. There is a live case or controversy between the parties to this action.

41. The Fourteenth Amendment to the U.S. Constitution provides that no State shall "deprive any person of life, liberty, or property without due process of law."

42. The procedural scheme created by O.C.G.A. § 18-4-61 et seq., is the product of state action.

43. By implementing and enforcing the procedural scheme in O.C.G.A. § 18-4-61 et seq., Defendant Alexander is acting directly under color of State law.

44. By availing themselves of the procedures in O.C.G.A. § 18-4-61 et seq., Defendants Discover and G&C have jointly participated with state officials in the seizure of Plaintiff's property, and are thus acting under color of State law.

45. At least three features of the Georgia garnishment statute are unconstitutional. Specifically:

    A. By not providing notice of available statutory exemptions from garnishment, O.C.G.A. § 18-4-64 fails to conform with due process notice requirements.

    B. By not providing a debtor with a prompt procedure to claim an exemption and obtain return of the protected property, the structure of the garnishment process fails to conform with due process timeliness requirements.

    C. By not requiring any notice to a debtor that a garnishee has filed an answer, even though the debtor has only 15 days to traverse that answer and file an exemption claim, O.C.G.A. § 18-4-83 fails to conform

with due process notice requirements.

46. By using the procedures in O.C.G.A. § 18-4-61 et seq., Defendants have violated the Due Process Clause of the Fourteenth Amendment, and have deprived Mr. Strickland of property without due process of law.

47. As a result of the unconstitutional garnishment proceedings, Mr. Strickland has suffered actual damages, including but not limited to the seizure of his entire worker's compensation award, the court costs imposed on him by the garnishment action, emotional damages, late fees for past due bills, legal order processing fees charged to his account by Chase, and other actual damages in an amount to be proven at trial.

48. Mr. Strickland seeks declaratory and injunctive relief, as well as monetary damages, attorney's fees and litigation expenses.

COUNT TWO: VIOLATION OF GEORGIA BILL OF RIGHTS

49. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully restated herein.

50. The Georgia Bill of Rights provides that: "No person shall be deprived of life, liberty, or property except by due process of law." Art. I, Sec. I,

Par. I of the Ga. Const. of 1983.

51. By using the procedures in O.C.G.A. § 18-4-64 et seq., Defendants have violated the Due Process Clause of the Georgia Constitution, and have deprived Plaintiff of property without due process of law.

52. The same defects in the garnishment statute that violate the Fourteenth Amendment's due process clause also violate Georgia's own due process clause.

53. As a result of the unconstitutional garnishment proceedings, Mr. Strickland has suffered actual damages, including but not limited to the seizure of his entire worker's compensation savings, the court costs imposed on him by the garnishment action, emotional damages, late fees for past due bills, legal fees from Chase, and other actual damages in an amount to be proven at trial.

54. Mr. Strickland seeks declaratory and injunctive relief, as well as monetary damages, attorney's fees and litigation expenses.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff prays that this Court:

(a) Declare as unconstitutional at least the following aspects of Georgia's garnishment scheme:

   (1) O.C.G.A. § 18-4-64, because of its failure to meet due process notice requirements;

   (2) the lengthy procedural scheme to claim an exemption because of its failure to meet due process timeliness requirements; and

   (3) O.C.G.A. § 18-4-83 because of its failure to meet due process notice requirements;

(b)  Against Defendant Alexander, enter appropriate injunctive relief requiring due process and restraining the unconstitutional features of Georgia's garnishment statute;

(c)  Against Defendants Discover and G&C, enter injunctive relief restraining their use of the unconstitutional garnishment process against Plaintiff's property;

(d)  Against Defendant Chase, enter injunctive relief restraining it from unduly freezing Plaintiff's account containing exempt funds and restraining its use of the unconstitutional garnishment process;

(e)  Against Defendants Discover, G&C, and Chase, award Plaintiff monetary damages, including actual, nominal, and punitive damages;

(f)  Award Plaintiff attorney's fees, and litigation expenses; and

(g)  Grant such other relief that is just and proper under the circumstances.

This 8th day of August, 2012.

              /s/ Jon Erik Heath
              J. Erik Heath
              Ga. Bar. No. 940564

              ATLANTA LEGAL AID SOCIETY, INC.
              30 South Park Square, Suite 101
              Marietta, GA  30090

|  |  |
|---|---|
|  | (770) 817-5547 (phone) |
|  | (770) 528-2574 (fax) |
|  | jeheath@atlantalegalaid.org |
| David A. Webster | Donald M. Coleman |
| Ga. Bar No. 744975 | Ga. Bar No. 177450 |
| ATLANTA LEGAL AID SOCIETY, INC. | ATLANTA LEGAL AID SOCIETY, INC. |
| 151 Spring Street NW | 246 Sycamore Street, Suite 120 |
| Atlanta, GA  30303 | Decatur, GA  30030 |
| (404) 524-5811 (phone) | (404) 377-0701 (phone) |
| (404) 614-3997 (fax) | (404) 377-2349 (fax) |
| dawebster@atlantalegalaid.org | dmcoleman@atlantalegalaid.org |

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF COMPLIANCE

The undersigned counsel certifies that the foregoing has been prepared in Times New Roman (14 point) font, as approved by the Court in L.R. 5.1.B.

*/s/ Jon Erik Heath*
J. Erik Heath
Ga. Bar. No. 940564
Attorney for Plaintiff