UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TONY W. STRICKLAND, :

    Plaintiff, :

                                    CIVIL ACTION NO.

v. :

                                    1:12-CV-02735-MHS

RICHARD T. ALEXANDER, :
Clerk of Court of the State Court
of Gwinnett County, Georgia, :

    Defendant. :

## ORDER

Before the Court is defendant's motion to alter or amend judgment. For the following reasons, the Court grants the motion.

## Background

After obtaining a default judgment against plaintiff Tony W. Strickland on a credit card debt, Discover Bank ("Discover") filed a garnishment action in the State Court of Gwinnett County against JP Morgan Chase Bank ("Chase"), where plaintiff held an account containing only worker's compensation benefits. Although such benefits are exempt from garnishment under Georgia law, Chase froze plaintiff's bank account and subsequently paid the funds into court.

While the garnishment action was still pending, plaintiff filed this action against Richard T. Alexander, Clerk of the State Court of Gwinnett County, alleging that Georgia's post-judgment garnishment statute was unconstitutional and seeking appropriate declaratory and injunctive relief. Specifically, plaintiff claimed that the statute violated due process requirements because it (1) failed to notify judgment debtors of available exemptions, (2) failed to notify debtors of the procedure for claiming an exemption, and (3) failed to provide a timely procedure for adjudicating exemption claims.

After plaintiff filed this action, Discover dismissed the garnishment action, and plaintiff's funds were returned to him. The Court then dismissed plaintiff's claims against Mr. Alexander for lack of standing. That ruling, however, was reversed on appeal, and the court of appeals remanded the case to this Court to address the constitutional issues. *Strickland v. Alexander*, 772 F.3d 876, 890 (11th Cir. 2014). The parties filed cross-motions for summary judgment, and the State of Georgia intervened through its Attorney General to support the constitutionality of the statute.

On September 8, 2015, the Court issued an Order granting plaintiff's motion for summary judgment and denying defendant's motion. The Court

declared Georgia's post-judgment garnishment statute, O.C.G.A. § 18-4-60 *et seq.*, unconstitutional "insofar as it (1) fails to require that judgment debtors be notified that there are certain exemptions under state and federal law which the debtor may be entitled to claim with respect to the garnished property; (2) fails to require that judgment debtors be notified of the procedure to claim an exemption; and (3) fails to provide a timely procedure for adjudicating exemption claims." Order of Sept. 8, 2015 [Doc. 105] at 47-48. The Court enjoined defendant Alexander from "issuing any summons of garnishment pursuant to the existing forms and procedures insofar as they are inconsistent with this decision." *Id.* at 48. The Clerk entered final Judgment [Doc. 106] in accordance with the Court's Order.

On September 23, 2015, defendant Alexander filed a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e). Defendant asks the Court to alter or amend its Order and Judgment of September 8, 2015, to limit their scope and application to garnishment actions filed against financial institutions holding a judgment debtor's property under a deposit agreement or account, and to specifically exempt from their scope and coverage continuing wage garnishment actions filed against a judgment debtor's employer pursuant to O.C.G.A. § 18-4-110 *et seq.*, as well as such actions filed

against a debtor's employer to collect a judgment for periodic support of a family member pursuant to O.C.G.A. § 18-4-130 *et seq.* (collectively, "continuing wage garnishments").

Discussion

Defendant contends that the Court should alter or amend its Order and Judgment for two reasons. First, defendant argues that plaintiff lacks standing to challenge the constitutionality of the continuing wage garnishment procedures set out in O.C.G.A. §§ 18-4-110 *et seq.* and 18-4-130 *et seq.* because he does not allege that a continuing wage garnishment was filed against his employer. Second, defendant argues that the Court should limit the scope of its ruling to garnishments of financial institutions because the parties did not address, and the Court did not consider, the type of exemptions and the notice and hearing procedures that apply to continuing wage garnishments.

In response, plaintiff argues that no alteration or amendment is necessary or appropriate because continuing wage garnishments rely on the same notice and exemption claim procedures applicable to garnishments of financial institutions, which this Court has held to be unconstitutional. There is no reason, plaintiff contends, to afford wage exemptions any less

4

protection under the due process standards established in *Finberg v. Sullivan*, 634 F.2d 50 (3d Cir. 1980), than exemptions applicable to a debtor's property held in a financial institution. As for standing, plaintiff argues that he has standing to challenge procedures that are common to all post-judgment garnishment proceedings, whether continuing or not. Finally, plaintiff argues that there is no other compelling reason to except even continuing wage garnishments for family support from the injunction because such garnishments are only rarely invoked, and there is an alternative statutory procedure for an income deduction order under O.C.G.A. § 19-6-32, which serves the same purpose and does not raise the same due process concerns.

The Court concludes that its Order and Judgment of September 8, 2015, do not apply to continuing wage garnishments. Plaintiff lacked standing to challenge post-judgment garnishment procedures as those procedures apply to continuing wage garnishments. The court of appeals found that plaintiff satisfied the injury-in-fact requirement for standing because "it is substantially likely that it is simply a matter of time before another judgment creditor seeks to garnish the monies that the Stricklands have in at least one of their bank accounts." *Strickland*, 772 F.3d at 885.

5

Plaintiff, however, did not allege, and there was no evidence to suggest, that there was any likelihood that a judgment creditor would file a continuing wage garnishment against plaintiff's employer. In fact, the complaint alleged that plaintiff was permanently disabled, and that his only source of income was Social Security disability benefits. Compl. [Doc. 4] ¶¶ 12, 28. Because plaintiff therefore faced no likelihood of future injury arising from a continuing wage garnishment, he lacked standing to challenge the constitutionality of the procedures governing such garnishments.

Plaintiff points out that continuing wage garnishments use the same notice, claim, and traverse procedures as garnishments of financial institutions. However, as applied to continuing wage garnishments, those procedures raise different constitutional issues. Continuing wage garnishments are subject to only limited exemptions, which are set out in the garnishment statute,[1] whereas garnishments of an individual's funds held in a bank account are subject to a broad range of federal and state statutory exemptions that are nowhere identified in the garnishment statute. Therefore, the issue of whether the garnishment statute itself provides

---

[1] *See* O.C.G.A. §§ 18-4-20(d) & (f); 18-4-21; 18-4-22. The exemptions set out in O.C.G.A. § 18-4-20(d) & (f) mirror the federal exemptions set out in 15 U.S.C. § 1673(a) & (b).

adequate notice of exemptions is different in the context of continuing wage garnishments as compared to garnishments of financial institutions. This issue, however, was neither raised by the parties nor addressed by the Court in this case, nor could it have been since plaintiff's claims related solely to the garnishment of a bank account.

In addition, because the garnishment statute expressly exempts a portion of a debtor's wages from garnishment, the risk that an employer will erroneously withhold exempt wages is not the same as the risk that a financial institution, which may not know the source of funds in an individual's bank account, will erroneously freeze a debtor's exempt funds. The risk of such an erroneous deprivation is one factor the Court must consider in determining the requirements of due process. *See Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). Again, however, the risk of an erroneous deprivation in a continuing wage garnishment was neither raised by the parties nor addressed by the Court in this case because plaintiff was not threatened with such a garnishment.

Plaintiff cites other cases that have found the same constitutional defects in wage garnishment statutes that this Court found in Georgia's post-judgment garnishment statute. The difference, however, is that those cases

all involved plaintiffs who had standing to challenge wage garnishments, and the court addressed the due process issues in the context of such garnishments. *See Neeley v. Century Fin. Co. of Ariz.*, 606 F. Supp. 1453, 1468-69 (D. Ariz. 1985); *Kirby v. Sprouls*, 722 F. Supp. 516, 521-23 (C.D. Ill. 1989); *Follette v. Vitanza*, 658 F. Supp. 492, 511-14 (N.D. N.Y. 1987); *Davis v. Paschall*, 640 F. Supp. 198, 199-200 (E.D. Ark. 1986); *Cristiano v. Courts of the Justices of the Peace*, 669 F. Supp. 662, 666-72 (D. Del. 1987).[2]

Plaintiff also cites the district court's decision in *Hutchinson v. Cox*, 784 F. Supp. 1339 (S.D. Ohio 1992), in support of his argument that past cases have broadly enjoined the use of unconstitutional procedures in post-judgment garnishment actions. *Hutchinson*, however, actually supports defendant's argument. In that case, which involved a challenge to Ohio's post-judgment statutory procedure for execution on personal property, the court expressly stated that its grant of declaratory relief "implies no opinion with respect to Ohio's statutory provisions for post-judgment garnishment of wages or execution against land and tenements, which are not before it." 784 F. Supp. at 1344 n.4. In both of the other cases cited by plaintiff in support

---

[2] *Cristiano* is also distinguishable because it involved pre-judgment, rather than post-judgment, garnishment of wages.

8

of this argument, no issue was raised regarding the proper scope of the relief granted. *See Dionne v. Bouley*, 757 F.2d 1344, 1357 (1st Cir. 1985) (clerk expressed willingness to follow the court's injunction); *Davis*, 640 F. Supp. at 200 (same).

To be clear, the Court is not holding that Georgia's notice and hearing procedures as applied to continuing wage garnishments are constitutional. Instead, the Court is holding that the issue of the constitutionality of such procedures in the context of continuing wage garnishments was not raised, and could not have been raised, in this case. Therefore, the Court's ruling did not address that issue, and the Court expresses no opinion on it.

Summary

For the foregoing reasons, the Court GRANTS defendant's motion to alter or amend judgment [Doc. 108]. The Order and Judgment of September 8, 2015 [Docs. 105 & 106] are hereby AMENDED by adding the following underlined language: The Court DECLARES that Georgia's post-judgment garnishment statute, O.C.G.A. § 18-4-60 *et seq.*, <u>as applied to garnishment actions filed against a financial institution holding a judgment debtor's property under a deposit agreement or account</u>, is unconstitutional insofar as it (1) fails to require that judgment debtors be notified that there are certain

exemptions under state and federal law which the debtor may be entitled to claim with respect to the garnished property; (2) fails to require that judgment debtors be notified of the procedure to claim an exemption; and (3) fails to provide a timely procedure for adjudicating exemption claims. The Court ENJOINS defendant Alexander from issuing any summons of garnishment <u>in garnishment actions filed against a financial institution holding a judgment debtor's property</u> under a deposit agreement or account pursuant to the existing forms and procedures insofar as they are inconsistent with this decision. <u>This declaratory judgment and injunction do not apply to continuing wage garnishments filed against a judgment debtor's employer pursuant</u> to O.C.G.A. §§ 18-4-110 *et seq.* and 18-4-130 *et seq.*

IT IS SO ORDERED, this ___ day of October, 2015.

_____
Marvin H. Shoob, Senior Judge
United States District Court
Northern District of Georgia