IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TONY W. STRICKLAND, | ) | |
|     Plaintiff, | ) | Civil Action No. |
| v. | ) | 1:12-cv-02735-MHS |
| | ) | |
| RICHARD T. ALEXANDER, | ) | |
| Clerk of Court of the State Court | ) | Judge Marvin H. Shoob |
| of Gwinnett County, Georgia; | ) | |
|     Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| THE STATE OF GEORGIA, | ) | |
|     Intervenor. | ) | |

## PLAINTIFF'S RESPONSE TO INTERVENOR STATE OF GEORGIA'S MOTION TO ALTER JUDGMENT

This Court should partially deny Intervenor State of Georgia's motion to alter judgment. The heart of the State's motion is merely an attempt to relitigate an issue that has already been resolved by this Court more than once. None of the authority raised in this new attempt changes that analysis. Of this new authority, not a single case illustrates a debtor receiving exempt property back promptly, much less guaranteeing such promptness. Part of the State's alternative argument, concerning the scope of the injunction, is now moot, and Plaintiff has no objection to the remaining part of that request.

ARGUMENT

"The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." Arthur v. King, 500 F.3d 1335 (11th Cir. 2007) (brackets and internal quotation marks omitted). Thus, a "Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Id.; see also Lockard v. Equifax, Inc., 163 F.3d 1259, 1267 (11th Cir. 1998).

There was no manifest error of law in this case, and the State's motion simply seeks to relitigate the issue of promptness in Georgia's postjudgment garnishment scheme. Importantly, because the State's motion only addresses the issue of promptness, and it does not address either of the notice deficiencies cited by the Court, the motion does not change the ultimate outcome of this case. Furthermore, the Court has already rejected the State's promptness argument on at least two separate occasions, (Order [Dkt. 50] (hereinafter "Dismissal Order"), 44-47, April 11, 2013; Order [Dkt. 105] (hereinafter "Final Order"), 42-45, Sept. 8, 2015.) Not a single one of the cases now cited by the State comes close to filling the due process gaps from those decisions.

I. NONE OF THE AUTHORITY CITED BY THE STATE GUARANTEES A PROMPT RETURN OF EXEMPT PROPERTY.

This Court's September 8 order declared that Georgia's garnishment statute was unconstitutional, in part "because it does not provide for a prompt and expeditious procedure to resolve a debtor's claim that seized property is exempt from garnishment." (Final Order, 42.) In reaching this decision, the Court rejected the State's argument that a judgment debtor could avail himself of the traverse procedure to claim exemptions, as supposedly suggested by the case <u>Citizens Bank of Ashburn v. Shingler</u>, 173 Ga. App. 511 (1985). Not only is the traverse procedure unavailable in such circumstances, but it is inadequate to process exemption claims in any event. Meanwhile, the alternate mechanisms suggested by the State do not even profess to offer expedited relief.

### A. The traverse procedure is unavailable for exemption claims, and does not guarantee a prompt return of property.

In its current motion, the State attempts to relitigate the issue of whether a judgment debtor may assert exemptions by traversing the garnishment affidavit. However, the three additional cases cited by the State add nothing to its position. The argument also suffers from the false presumption that a simple traverse solves the due process concerns here. It is telling that not a single one of the State's cases illustrates a debtor receiving exempt property back in a timely manner.

3

The plain language of the garnishment statute bars exemption claims from being asserted by way of traversing the garnishment affidavit. Such a traverse is only available in limited circumstances, such as when the debtor must "challenge the existence of the judgment or the amount claimed due thereon," or any "matter in bar of the judgment." O.C.G.A. § 18-4-65(a). As explained by this Court:

> A claim of exemption does not challenge either the existence or the amount of the judgment. Nor does it seek to 'bar' the judgment, which remains in effect and collectible even if the exemption claim is successful; it simply cannot be collected against the exempt property.

(Final Order, 42.) On the contrary, a property exemption means that the judgment debtor "has a claim superior to that of the plaintiff to the money," which relegates him to the generic claims process of O.C.G.A. § 18-4-95. See Terrell v. Fuller, 160 Ga. App. 56, 58 (1981). As a result, the State's interpretation of this process, and of Shingler, is "contrary to [the] plain terms" of the garnishment statute. (Final Order, 43.)

The three additional cases cited by the State in its motion do not rewrite this process. The first case, Harp v. Winkles, is practically identical to the Shingler case. Harp, like Shingler, was about the merits of the debtor's claimed exemption, not about whether the debtor used the appropriate procedure to claim that exemption. Compare Harp, 255 Ga. 42, 43 (1985) (emergency responder

4

exemption) with Shingler, 173 Ga. App. at 862 (retirement account exemption). In both cases, "no issue was raised regarding the appropriate procedure for asserting an exemption claim, and the court's [short] decision includes no discussion or analysis of Georgia's post-judgment garnishment statute." (Final Order, 43 (discussing Shingler).) Furthermore, although no timeline is specifically discussed in Harp, the process must have been unduly lengthy because it was not until "after the city answered the garnishment petition [that the judgment debtor] filed a traverse to the plaintiff's affidavit." Harp, 255 Ga. at 43. The Harp case therefore does not support the position that the debtor already receives prompt protections under Georgia law.

Second, the State cites Tate v. Burns in support of its position, even though the case is about an entirely different set of facts. The Tate case was not about statutory exemptions, but instead about the statutory finality of judgment for purposes of execution. 172 Ga. App. 688, 688-9 (1984). Again, the Tate Court conducted no analysis as to garnishment procedure or timing. However, the judgment debtor in Tate would clearly have had grounds to traverse the plaintiff's affidavit under O.C.G.A. § 18-4-65(a) because a judgment that is not yet in effect is clearly a "matter in bar of the judgment." The fact that the Tate debtor, who faced a legally insufficient garnishment affidavit, could avail himself of the

5

traverse procedure says nothing about due process afforded debtors who have been deprived of exempt property.

The State's illustrative use of <u>Landmark Capital Investments, Inc. v. Savannah Nephrology</u> is similarly misplaced.[1] First, as in <u>Tate</u>, the <u>Landmark</u> debtor's traverse was not to assert an exemption, but was to challenge the constitutionality of the process. <u>Landmark Capital Invs., Inc. v. Savannah Nephrology</u>, 2012 U.S. Dist. LEXIS 42886, *1 (S.D. Ga. Mar. 28, 2012). Without much analysis, the Court determined that a "traverse is a proper vehicle for the [constitutional] defense." <u>Id.</u> More importantly, the <u>Landmark</u> Court later stated that it would refuse to entertain the merits of the debtor's traverse before the garnishee filed its answer, unless the debtor posted a bond in accordance with O.C.G.A. § 18-4-81. <u>Landmark Capital Invs., Inc. v. Savannah Nephrology</u>, 2012 U.S. Dist. LEXIS 126142, *4 (S.D. Ga. Sept. 4, 2012). Thus, if anything, the progression of the <u>Landmark</u> case shows that even a proper traverse does guarantee prompt relief.

That lesson from the <u>Landmark</u> case reveals how wide of the mark the

---

[1] The State does not provide a citation for this case. Plaintiff's counsel believes that the State is referring to a set of unpublished opinions from a garnishment action in the Southern District of Georgia, <u>Landmark Capital Invs., Inc. v. Savannah Nephrology</u>, No. 4:11-cv-291 (S.D. Ga.), and will respond to that case in this brief.

6

State's argument is. Even if one were to accept the argument that a debtor could raise exemptions by traverse, many barriers still prevent debtors from receiving their property back promptly. For instance, after conducting a traverse hearing within ten days, the trial court could nonetheless decide to wait until the garnishee's answer has been filed to consider the matter further. See Landmark, 2012 U.S. Dist. LEXIS 126142 at *4; see also West v. Nat'l Bank of Georgia, 155 Ga. App. 178, 179 (1980). Another provision of the garnishment statute even seems to contemplate that, notwithstanding the ten-day hearing requirement for a debtor's traverse, the final trial is not to be had until after the garnishee's answer. See O.C.G.A. § 18-4-88 ("After the garnishee's answer is filed, the defendant's traverse shall be tried first…"). "And even if the court ultimately upholds the debtor's exemption claim after a hearing, there is no requirement that the garnished property or funds be promptly returned to the debtor." (Final Order, 45.) As aptly put by the Finberg Court, "[w]ith this much uncertainty, we cannot accept [such procedures] as providing the necessary promptness." Finberg v. Sullivan, 634 F.2d 50, 60 (3d Cir. 1980).

In short, the State's supplemental cases do not change the due process analysis in this case, and do not warrant relitigating that issue. The traverse procedure is still not available for debtors, and it would not answer the entire due

process question even if it were.

### B. As shown by this case, the claims procedure does not provide prompt relief to judgment debtors asserting exemption claims.

The State also makes the perplexing assertion that the claims procedure itself entitles a judgment debtor to a hearing within ten days. Needless to say, Mr. Strickland used this very process, did not receive a hearing within 10 days, and did not receive his property back for 115 days. (See Order, 46.) Based on the facts of this case alone, it cannot be disputed that this process lacks the promptness urged by the State.

Nevertheless, the argument lacks merit for other reasons. Importantly, there is no prompt hearing requirement in the statute concerning claim procedure. See O.C.G.A. § 18-4-95. Instead, the thrust of the State's contention is that, "in a case decided after Terrell [v. Fuller], not previously brought to this Court's attention, the Georgia Court of Appeals appears to have abandoned the two-step requirement laid out in Terrell." (Intervenor's Br., 11.) First, the subsequent case, A.M. Buckler & Assocs. v. Sanders, 305 Ga. App. 704 (2010), is entirely consistent with the Terrell process. Specifically, after the garnishee in Buckler filed its answer, the claimant "filed a traverse to the garnishment, seeking to become a party to the action *and* asserting a verified claim to the funds." Id. at 706 (emphasis added). Previously, this Court has even cited Buckler alongside Terrell in a discussion

about garnishment procedure. (See Dismissal Order, 45.) If anything, Buckler is yet another case illustrating that a debtor cannot lay claim to funds until after the garnishee has filed its answer, which cannot happen until the statutory 30-day waiting period has expired. See O.C.G.A. § 18-4-62(a).

Second, the State's interpretation of Buckler has nothing to do with the Court's analysis, and instead hinges on a single citation taken out of context. According to the State's argument, the Buckler Court's citation to Section 18-4-93 means that "the ten-day hearing requirement… is triggered when a debtor files a traverse of the creditor's affidavit or when the debtor files a claim." (Intervenor's Br., 11.) However, in the text leading up to that citation, the Court was discussing both a defendant's traverse and a party's claim. Buckler, 305 Ga. App. at 705 ("If a *defendant or other claimant* files a *traverse or adverse claim…*" (emphasis added)). The Court's citation to Section 18-4-93 apparently refers to the "traverse" part of that discussion (because only a traverse is mentioned in that section), while the following case in the string cite, Akridge v. Silva, 298 Ga. App. 862 (2009), was apparently added to support the "claim" part of that discussion. See Buckler, 305 Ga. App. at 705-6. The Buckler Court, who displayed no concern about the 75 days elapsing before the debtor's hearing,[2] could not have intended to adopt a 10-

---

[2] The traverse and claim was first filed on September 10, 2009, and a hearing was

9

day hearing requirement with that string cite.

There is no statutory mechanism to expedite the claims process. If the Buckler Court intended to speed up that process it is a point so subtle that nobody picked up on it, including Defendant Alexander in this case, and including the Buckler Court itself.

### C. A motion to dismiss does not supply the necessary promptness.

Finally, the State proposes that judgment debtors assert exemptions by filing motions to dismiss pursuant to the Georgia Civil Practice Act. This argument lacks merit for a number of reasons.

First, the availability of a motion to dismiss in these circumstances is questionable, at best. Most notably, the Civil Practice Act is entirely inapplicable to Magistrate Court proceedings, where the majority of garnishments are filed.[3] O.C.G.A. § 15-10-42. For those proceedings in State Court, as the State explains, the "Civil Practice Act… applies in garnishment proceedings *except as otherwise provided* in Title 18." (Intervenor's Br., 14 (emphasis added).) However, the existence of a claims procedure in O.C.G.A. § 18-4-95 could be interpreted as a provision that "otherwise provide[s]" for relief outside the Civil Practice Act. The

---

not held until November 24, 2009. Buckler, 305 Ga. App. at 706.

[3] So far in 2015, there have been 15,113 garnishment filings in Gwinnett County Magistrate Court, and 3,796 filings in Gwinnett County State Court. (See Pl.'s Resp. Def.'s Mtn. Alter [Dkt. 111], 6 n. 1.)

case of Birchfield v. Birchfield, 165 Ga. App. 101 (1983), like all of the State's cases, contains no analysis as to whether that procedure was correct, and was instead focused on jurisdiction and exemption issues.

Even if Birchfield could be read as allowing motions to dismiss, it is unlikely to be applicable in cases like Mr. Strickland's. A motion to dismiss under the Georgia Civil Practice Act is substantively similar to a motion to dismiss under the Federal Rules of Civil Procedure. Compare O.C.G.A. § 9-11-12(b) with Fed. R. Civ. P. 12(b). A moving party asserting 12(b) defenses under either rule must have grounds to do so. The Birchfield debtor was able to assert jurisdictional defenses, presumably under Section 9-11-12(b)(2), under unique facts. The debtor was a resident of California, the garnishee was a resident of Missouri, and the only property of the debtor that was in Georgia was the exempt money paid into court by the garnishee. Birchfield, 165 Ga. App. at 101. Birchfield was not even about the substance of any exemption claim, let alone the proper procedure for asserting such a claim. Under those facts, the court determined that Georgia could not exercise jurisdiction over the matter. Id. at 102. By contrast, any jurisdictional objection under Section 12(b)(2) by Mr. Strickland, who is a Georgia resident, with Georgia property held by a Georgia garnishee, would likely fail.

Last, but certainly not least, a motion to dismiss lacks the necessary

11

promptness to satisfy due process. There is no requirement for motions to dismiss under Section 9-11-12(b) to be expedited. On the contrary, the adverse party typically has 30 days to respond to the motion, Ga. Unif. St. Ct. 6.2, and the only apparent way to expedite the motion is through an emergency hearing, the availability of which is a matter entirely up to judicial discretion, Ga. Unif. Super. Ct. 6.7.[4] As with the traverse procedure, there is no requirement that a debtor successfully using this process receive exempt property back promptly.

A motion to dismiss, as with the other procedures above, provides no viable mechanism for the garnishment process to comply with due process.

II. PLAINTIFF DOES NOT OBJECT TO THE STATE'S REQUEST TO MODIFY THE SCOPE OF THE INJUNCTION.

The State alternatively requests that this Court amend the injunctive relief "to specifically exempt from the Order's scope and coverage, commercial garnishments, continuing wage garnishments and child support garnishments." (Intervenor's Br., 16.) The part of the State's request concerning "continuing wage garnishments and child support garnishments" is now moot, as the injunction has already been modified to allow such proceedings. (Order [Dkt. 114], 10, Oct. 5,

---

[4] Plaintiff cites the rules that would be applicable in State Court because, as stated above, the Civil Practice Act does not apply in Magistrate Court. Furthermore, the State Court rules incorporate most of the rules from the Superior Court. See Ga. Unif. St. Ct. Note.

2015.)

Further, Plaintiff has no objections to the State's request to exempt "commercial garnishments," provided that the language of the exception is drafted in a way that Defendant Alexander can clearly distinguish which judgment debtors are covered, so as not to accidentally sweep up individual judgment debtors who may need to assert exemption claims. If the Court grants the State's motion as to commercial garnishments, Plaintiff requests that the following language be used to define the exception: debtors who are LLC's, corporations, or other non-individual institutions.

## CONCLUSION

This Court should deny the State's motion insofar as it seeks to relitigate the due process deficiencies of Georgia's postjudgment garnishment process. However, Plaintiff has no objections to redefining the scope of the injunction as outlined above.

Respectfully submitted this 9th day of October, 2015.

                                              */s/ Jon Erik Heath*
                                              J. Erik Heath
                                                 Ga. Bar No. 940564
                                                 jeheath@atlantalegalaid.org
                                              David A. Webster
                                                 Ga. Bar No. 744975
                                                 dawebster@atlantalegalaid.org

       Donald M. Coleman
         Ga. Bar No. 177450
         dmcoleman@atlantalegalaid.org

       ATLANTA LEGAL AID SOCIETY, INC.
       54 Ellis Street NE
       Atlanta, GA  30303
       (404) 524-5811 (phone)
       (404) 614-3997 (fax)

       *Attorneys for Plaintiff*

CERTIFICATE OF COMPLIANCE

The undersigned counsel certifies that the foregoing has been prepared in Times New Roman (14 point) font, as approved by the Court in L.R. 5.1.B.

*/s/ Jon Erik Heath*
J. Erik Heath
Ga. Bar No. 940564
Attorney for Plaintiff

CERTIFICATE OF SERVICE

The undersigned counsel certifies that he has this day filed a copy of the forgoing *Response to Intervenor State of Georgia's Motion to Alter Judgment* and supporting documents via the Court's electronic filing system ("ECF"). Notice of this filing was provided to counsel of record for all other parties to this case via ECF.

*/s/ Jon Erik Heath*
J. Erik Heath
Ga. Bar No. 940564
Attorney for Plaintiff